**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO.  19-112** |
| | **:** | |
| **ANDREA W. CLARKE** | | |

## ORDER

AND NOW, this        day of        , 2020, upon consideration of the government's Motion for Continuance and to Exclude Time Under the Speedy Trial Act, the Court determines as follows.

On March 13, 2020, the Chief Judge of this Court entered a Standing Order providing that, as a result of the emergency presented by the coronavirus disease COVID-19, all civil and criminal jury trials scheduled to begin between March 13, 2020, and April 13, 2020, before any district or magistrate judge in any courthouse in the Eastern District of Pennsylvania were continued pending further Court order. The Chief Judge described actions of public health authorities to limit the spread of the virus, and further described the impact of COVID-19 on the availability of jurors. On the basis of these findings, the Chief Judge explained in the Order that the suspension of trials is required "to protect public health, reduce the size of public gatherings, and reduce unnecessary travel within this district."

On April 10, 2020, the Chief Judge issued an additional Standing Order extending the suspension of trials through May 31, 2020. On May 29, 2020, the Chief Judge issued

an additional Standing Order extending the suspension of trials through August 31, 2020. In explaining his most recent Order, the Chief Judge described the significant threat that COVID-19 continues to pose, the stay-at-home orders in the area that remain in place, and the continuing guidance from the Centers for Disease Control (CDC) that individuals stay home as much as possible, refrain from gathering in groups, avoid using public transportation, ridesharing, or taxis, refrain from non-essential travel, and maintain at least six feet of physical distance from others outside the home. The Chief Judge explained that these circumstances continue to significantly impact court operations in this district, including the ability to proceed with jury trials.

The Chief Judge stated, in part:

Jury selections in this district frequently involve the summoning of large numbers of prospective jurors, many of whom must travel significant distances and/or use public transportation. The venire pools typically include individuals in the age category identified by the CDC as being at higher risk for severe illness from COVID-19 as well as individuals who are parents and may have childcare issues as a result of closures of schools and other programs. In addition to raising health and safety issues, assembling a venire requires advance notice as summonses are mailed to prospective jurors at least 40 days before trial. It is impractical to summon jurors until conditions are such that jury trials can be safely resumed.

In each order, the Chief Judge found that the period of delay in each case shall be excluded under the Speedy Trial Act, as the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. In the May 29 order, the Court declared:

In light of the circumstances regarding the COVID-19 outbreak in this district outlined above and in the Standing Orders issued on March 13, 2020, March 18, 2020, and April 10, 2020, the Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. The circumstances with regard to the COVID-19 outbreak in this

district continue to impede the Court's ability to obtain an adequate complement of trial jurors due to concerns regarding health and safety, and impact the ability of Court personnel, counsel, and other participants to be present during trial. It is not possible for the Court to proceed with jury selections and jury trials at this time consistent with the restrictions and public health guidance described above. In these circumstances and given the seriousness of the ongoing COVID-19 outbreak in this district, failure to postpone jury trials through August 31, 2020, would be likely to make the continuation of such trials impossible or result in a miscarriage of justice. Accordingly, the additional time period from May 31, 2020, through August 31, 2020, shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), for all criminal cases impacted by this trial continuance. This period of exclusion is in addition to the period of exclusion previously granted for the time period from March 13, 2020, through May 31, 2020. The Court may extend the period of exclusion by further order as circumstances may warrant, and the presiding judge in any criminal case for which trial is continued under this Standing Order may make any additional findings and exclude additional time, as necessary and appropriate, regarding the scheduling of any new date for trial. Any motion by a criminal defendant seeking an exception to this Standing Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge.

The undersigned fully agrees with and adopts these findings of the Chief Judge.

This Court further finds that, because of the severe restrictions on public movement at the present time identified by the Chief Judge, a continuance of the present trial date is required to allow adequate preparation by the parties for pretrial proceedings and for the trial.

For all of these reasons, the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial. This Court accordingly ORDERS that the trial in this matter is continued to                    , 2020, and further ORDERS, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the period of delay from the entry of this Order until the trial date set here shall be excluded under the Speedy Trial Act.

For these reasons, this Court ORDERS, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the period of delay between March 13, 2020, and August 31, 2020 (or any later date to which the period of continuance of trials in this district is extended by a further order of the Chief Judge as a result of the COVID-19 crisis) shall be excluded under the Speedy Trial Act.

BY THE COURT:

_____
HONORABLE PAUL S. DIAMOND
United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO.  19-112** |
| | **:** | |
| **ANDREA W. CLARKE** | | |

**GOVERNMENT'S MOTION FOR CONTINUANCE AND TO EXCLUDE
TIME UNDER THE SPEEDY TRIAL ACT**

The government moves for a continuance of trial, and to exclude under the Speedy

Trial Act of the period of delay during the time period that trials are continued in this

district as a result of the coronavirus disease COVID-19.

The trial in this matter is presently scheduled for August 18, 2020.  Counsel for

defendant Clarke has stated that he joins in the government's request for a continuance of

the trial for the reasons stated herein.

The Speedy Trial Act requires a trial to begin within 70 days of indictment or

initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the

defendant to dismissal of the charges (with or without prejudice) if that deadline is not

met, § 3162(a)(2). Certain periods of time, however, are excluded from this 70-day

"clock." § 3161(h). Some periods of time are automatically excluded, including periods

of delay resulting from the absence or unavailability of the defendant or an essential

witness, § 3161(h)(3)(A), and other periods of time are excluded when the judge

continues a trial and finds, on the record, that "the ends of justice served by taking such

action outweigh the best interest of the public and the defendant in a speedy trial."

§ 3161(h)(7)(A). The Court may consider in part whether "it is unreasonable to expect

adequate preparation for pretrial proceedings or for the trial itself within the time limits

established by this section." § 3161(h)(7)(B)(ii).

On March 13, 2020, the Chief Judge of this Court entered a Standing Order

providing that, as a result of the emergency presented by the coronavirus disease COVID-

19, all civil and criminal jury trials scheduled to begin between March 13, 2020, and

April 13, 2020, before any district or magistrate judge in any courthouse in the Eastern

District of Pennsylvania were continued pending further Court order. The Chief Judge

described actions of public health authorities to limit the spread of the virus, and further

described the impact of COVID-19 on the availability of jurors. On the basis of these

findings, the Chief Judge explained in the Order that the suspension of trials is required

"to protect public health, reduce the size of public gatherings, and reduce unnecessary

travel within this district."

On April 10, 2020, the Chief Judge issued an additional Standing Order extending

the suspension of trials through May 31, 2020. On May 29, 2020, the Chief Judge issued

an additional Standing Order extending the suspension of trials through August 31, 2020.

In explaining his most recent Order, the Chief Judge described the significant threat that

COVID-19 continues to pose, the stay-at-home orders in the area that remain in place,

and the continuing guidance from the Centers for Disease Control (CDC) that individuals

stay home as much as possible, refrain from gathering in groups, avoid using public

transportation, ridesharing, or taxis, refrain from non-essential travel, and maintain at

least six feet of physical distance from others outside the home. The Chief Judge

explained that these circumstances continue to significantly impact court operations in

this district, including the ability to proceed with jury trials.

The Chief Judge stated, in part:

Jury selections in this district frequently involve the summoning of large numbers of prospective jurors, many of whom must travel significant distances and/or use public transportation. The venire pools typically include individuals in the age category identified by the CDC as being at higher risk for severe illness from COVID-19 as well as individuals who are parents and may have childcare issues as a result of closures of schools and other programs. In addition to raising health and safety issues, assembling a venire requires advance notice as summonses are mailed to prospective jurors at least 40 days before trial. It is impractical to summon jurors until conditions are such that jury trials can be safely resumed.

In each order, the Chief Judge found that the period of delay in each case shall be

excluded under the Speedy Trial Act, as the ends of justice served by granting a

continuance outweigh the best interest of the public and each defendant in a speedy trial.

In the May 29 order, the Court declared:

In light of the circumstances regarding the COVID-19 outbreak in this district outlined above and in the Standing Orders issued on March 13, 2020, March 18, 2020, and April 10, 2020, the Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. The circumstances with regard to the COVID-19 outbreak in this district continue to impede the Court's ability to obtain an adequate complement of trial jurors due to concerns regarding health and safety, and impact the ability of Court personnel, counsel, and other participants to be present during trial. It is not possible for the Court to proceed with jury selections and jury trials at this time consistent with the restrictions and public health guidance described above. In these circumstances and given the seriousness of the ongoing COVID-19 outbreak in this district, failure to postpone jury trials through August 31, 2020, would be likely to make the continuation of such trials impossible or result in a miscarriage of justice. Accordingly, the additional time period from May 31, 2020, through August 31, 2020, shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), for all criminal cases impacted by this trial continuance. This period of exclusion is in addition to the period of exclusion previously granted for

- 3 -

the time period from March 13, 2020, through May 31, 2020. The Court may extend the period of exclusion by further order as circumstances may warrant, and the presiding judge in any criminal case for which trial is continued under this Standing Order may make any additional findings and exclude additional time, as necessary and appropriate, regarding the scheduling of any new date for trial. Any motion by a criminal defendant seeking an exception to this Standing Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge.

This determination is permitted by law. *See, e.g., Furlow v. United States*, 644 F.2d 764, 767-69 (9th Cir. 1981) (excluding time under the ends-of-justice exception based on disruption in the Eastern District of Washington caused by the Mount St. Helens volcanic explosion); *United States v. Correa*, 182 F. Supp. 2d 326 (S.D.N.Y. 2001) (same action in the Southern District of New York based on interruptions in court proceedings and public movement caused by the attack on the World Trade Center).

The government respectfully requests that the Court continue the trial of this matter until _____, 2020. That continuance is required not only because of the present suspension of trials in this district, but also because the severe restrictions on public movement at the present time are limiting and will limit the ability of the parties to gather evidence, meet with witnesses, and otherwise prepare for trial.

The government also respectfully requests that this Court enter a specific order in this case excluding from the speedy trial calculation all delay caused by the suspension of trials in this district and the continuance requested here.

The pertinent statute provides that ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the

- 4 -

defendant in a speedy trial." § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id*. at 507. Moreover, any such failure cannot be harmless. *Id*. at 509.

Thus, the Third Circuit has declared that when entering a continuance order, the district court must either state "the factual basis for excluding time under the Act or us[e] language that invokes it." Otherwise, "the delay caused by the continuance is not excluded and the court cannot exclude the time in hindsight." *United States v. Reese*, 917 F.3d 177, 182 (3d Cir. 2019).

Accordingly, the government respectfully requests that this Court enter a case-specific order finding excludable delay appropriate in this particular case under § 3161(h)(7)(A), based on the sound reasons set forth in the Chief Judge's Standing Orders and in this motion. A proposed Order for this purpose is attached.

Respectfully yours,

WILLIAM M. McSWAIN
United States Attorney


*/s  Terri A. Marinari*
TERRI A. MARINARI
Assistant United States Attorney

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User identified

below through the Electronic Case Filing (ECF) system:

Elliot M. Cohen, Esquire
Louis T. Savino Jr., PC
1500 JFK Blvd., Suite 1516
Philadelphia, PA 19102-1728


*/s  Terri A. Marinari*
TERRI A. MARINARI
Assistant United States Attorney


Dated:  July 23, 2020.